Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EXIST, INC., a Florida Corporation; ROSS STORES, INC., a Delaware Corporation; MODMERICA GROUP, LLC, a California limited liability company, individually and doing business as "10Dollarmall.com"; DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff UNICOLORS, INC. (hereinafter "Unicolors" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 1 -

COMPLAINT

## INTRODUCTION

Unicolors creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Unicolors owns these designs in exclusivity and makes sales of products bearing these designs for profit. Unicolors' business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically appealing designs. Ongoing and potential customers of Unicolors obtain design samples from the company with the understanding and agreement that they will utilize only Unicolors to reproduce said designs should they wish to do so, and will not seek to print the designs elsewhere, or make minor changes to Unicolors' proprietary work to reproduce the same elsewhere. Despite this agreement, and Unicolors' exclusive ownership of the copyrights in its designs, parties will still exploit and print Unicolors' exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased and sold without permission product bearing Plaintiff's proprietary, registered textile designs.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

///

# PARTIES

4. Plaintiff UNICOLORS, INC. ("Plaintiff" or "Unicolors") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3251 East 26th Street, Vernon, California 90058.

5. Plaintiff is informed and believes and thereon alleges that Defendant EXIST, INC. ("EXIST") is a Florida corporation with its principal place of business located at 1650 N.W. 23RD Avenue, Unit A, Ft. Lauderdale, Florida, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a Delaware corporation with its principal address located at 5130 Hacienda Drive, Dublin, CA 94568, and doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant MODMERICA GROUP, LLC, individually and doing business as "10Dollarmall.com" (collectively, "MODMERICA") is a California limited liability company with its principal address located at 5130 3515 Main St # 201 Chula Vista, CA 91911, and doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-5, inclusive, is a manufacturer and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement.

9. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO GH259

11. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as "GH259" ("Subject Design A"). A true and correct copy of Subject Design A is set forth and identified hereinbelow. This design was offered for sale prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

///

SUBJECT DESIGN A



12. Plaintiff's investigation revealed that EXIST, ROSS, or certain DOE Defendants were purchasing, marketing, distributing, or selling for profit garments that bore a textile print that was substantially similar to, and/or copied from, Subject Design A (hereinafter "Accused Product A"). Such Accused Product A includes, but is not limited to, ROSS garments sold under Style No. D1027 C1711. Below is an exemplar of the Accused Product A, an exemplar that is not meant to be inclusive of all garments that infringe Subject Design A that were distributed, or are being distributed, or were or are being sold by EXIST, ROSS, or certain DOE Defendants.

///

## EXEMPLAR OF ACCUSED PRODUCT A



## CLAIMS RELATED TO PE1134

13. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as "PE1134" ("Subject Design B"). A true and correct copy of Subject Design B is set forth and identified hereinbelow. This design was offered for sale prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

///

## SUBJECT DESIGN B

14. Plaintiff's investigation revealed that EXIST, MODMERICA, or certain DOE Defendants were purchasing, marketing, distributing, or selling for profit garments that bore a textile print that was substantially similar to, and/or copied from, Subject Design B (hereinafter "Accused Product B"). Such Accused Product B includes, but is not limited to, MODMERICA garments sold under EXIST Style No. 5116. Below is an exemplar of the Accused Product B, an exemplar that is not meant to be inclusive of all garments that infringe Subject Design B that were distributed,

or are being distributed, and/or were or are being sold by EXIST, MODMERICA, or certain DOE Defendants.

### EXEMPLAR OF ACCUSED PRODUCT B



15. Plaintiff is informed and believes and thereon alleges that EXIST obtained the Accused Product A and Accused Product B (collectively, "Accused Products"),

and or materials to create same, from DOE Defendants, and sold Accused Products to DOE Defendants.

16. Prior to the alleged infringement, Plaintiff had formatted Subject Design A and Subject Design B (collectively, the "Subject Designs") for use on textiles, sampled the Subject Designs to prospective customers and negotiated sales of fabric bearing Subject Designs.

17. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed Accused Products or fabric or garments comprised of fabric featuring designs identical to, or substantially similar to, the Subject Designs.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

18. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to legitimate Unicolors fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

20. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) have an ongoing business relationship with the retailer Defendants, and each of them, and

supplied garments to said retailers, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

22. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

23. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that the infringement of Unicolors' copyrighted design was willful, reckless, and/or in blatant disregard for Unicolors' rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages.

///

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

26. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that the infringement of Unicolors' copyrighted designs was willful, reckless, and/or in blatant disregard

for Unicolors' rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

1. <u>With Respect to Each Claim for Relief</u>

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

    d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from their acts of infringement;

    f. That Plaintiff be awarded pre-judgment interest as allowed by law;

    g. That Plaintiff be awarded the costs of this action;

    h. That Plaintiff be awarded general and special damages; and

    i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Date: February 4, 2016      By:   *Scott Alan Burroughs*
                                  Scott Alan Burroughs, Esq.
                                  Trevor W. Barrett, Esq.
                                  DONIGER / BURROUGHS
                                  Attorneys for Plaintiff